UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Solutions Re Inv LLC, a Washington State Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTA J. ALLEN, DAVID ALLEN, AND ALL OTHER OCCUPANTS,<br><br>Defendants. | Case No. C17-757 RSM<br><br>ORDER OF REMAND |

This matter comes before the Court *sua sponte*. On April 14, 2017, Plaintiff Solutions Re Inv, LLC filed an unlawful detainer action against Defendants Roberta J. Allen, David Allen, and all other occupants in King County Superior Court for the State of Washington. Dkt. #1-2. Plaintiff seeks possession of the property that Defendants allegedly will not vacate. *Id*. On May 17, 2017, Defendant Roberta Allen removed the action to this Court on the basis of federal question jurisdiction. Dkt. #1. Ms. Allen cites to a federal statute raised in her Answer. *Id*. at 2.

An action may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087

ORDER OF REMAND - 1

(9th Cir. 2009). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . "). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.*, 316 F. 3d 822, 826 (9th Cir. 2002); Fed. R. Civ. P. 12(h)(3).

A defendant may remove an action on the basis of federal question jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Ms. Allen has not established that the Court has federal question jurisdiction in this case. Plaintiff filed an unlawful detainer action based solely on state law. Plaintiff's Complaint does not present a federal question. To the extent that Ms. Allen asserts federal defenses to the Plaintiff's claims, a federal defense does not confer federal question jurisdiction on the Court.

*See Rivet*, 522 U.S. at 475. Accordingly, the Court lacks federal question jurisdiction. Furthermore, the Court appears to lack subject matter jurisdiction based on diversity as the parties are all Washington residents. *See* Dkt. #1-2. The Court cannot otherwise find subject matter jurisdiction based on the record.

Having reviewed the relevant pleading, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) This case is *sua sponte* REMANDED to King County Superior Court.

(2) Ms. Allen's motion to proceed *in forma pauperis* (Dkt. #2) is DENIED as moot.

(3) This case is CLOSED.

DATED this 18th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE